NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RFCYBER CORP.,**
*Appellant*

**v.**

**JOHN A. SQUIRES, UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Intervenor*

---

2024-1614

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2022-01256.

---

Decided: December 17, 2025

---

RICHARD MATTHEW COWELL, Fabricant LLP, Rye, NY, argued for appellant. Also represented by ALFRED ROSS FABRICANT, PETER LAMBRIANAKOS, VINCENT J. RUBINO, III.

OMAR FAROOQ AMIN, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA,

argued for intervenor.  Also represented by PETER J. AYERS, ROBERT MCBRIDE.

———————————

Before LOURIE and STOLL, *Circuit Judges*, and CHUN, *District Judge*.[1]

STOLL, *Circuit Judge.*

Apple Inc. filed a petition with the Patent Trial and Appeal Board challenging claims 1–11 of U.S. Patent No. 11,018,724 as unpatentable as obvious over asserted prior art references.  RFCyber Corp. appeals from the Board's Final Written Decision determining all challenged claims are unpatentable as obvious.[2]  We affirm.

On appeal, RFCyber does not dispute the Board's factual findings or the merits of the Board's obviousness determination.  Instead, RFCyber argues that the Board erred by relying on a different "emulator device" than what was presented in Apple's Petition.  We disagree.  The Board adopted the construction of "emulator device" that the parties agreed to during claim construction in a parallel district court proceeding—i.e., *"hardware device, alone or containing software*, that pretends to be another particular device or program that other components expect to interact with."  J.A. 12 (emphasis added).  The Board then found that Apple identified hardware containing software—i.e., processor 400 storing and executing operating system 314—as the "emulator device" of claim 1, consistent

———————————

[1]    Honorable John H. Chun, District Judge, United States District Court for the Western District of Washington, sitting by designation.

[2]    After the appeal was docketed, Apple notified us that it would not participate in this appeal.  ECF No. 5. The United States Patent and Trademark Office subsequently intervened.  ECF No. 8.

with the agreed-upon construction. J.A. 33–34. That finding is supported by Apple's Petition and its expert testimony.

Apple's Petition expressly states, "[a] POSITA would have understood that operating system 314 (running on processor 400) is an emulator device because it is a hardware device or program that executes [Near Field Communication] applications, allowing *Buhot's* mobile phone to pretend to be a contactless card with which other components (e.g., card readers) may interact." J.A. 131 (citing J.A. 1647). Apple's expert, Mr. Smith, similarly explained:

> A POSITA would have understood that *processor 400 executing operating system 314* facilitates the emulation functionality . . . . Thus, a POSITA would have understood that *operating system 314 stored in the memory of processor 400 is an emulator device* because it is a hardware device or program that allows the phone to pretend to be a contactless card with which other components (e.g., card reader device) expect to interact.

J.A. 1647 (emphases added); *see* J.A. 3092–93.

Indeed, RFCyber acknowledged Apple's theory from the outset in its Patent Owner Preliminary Response. *See* J.A. 199 ("Petitioner contends that, in its proposed combination, an entire 'operating system 314 (running on processor 400) is an emulator device . . . allowing *Buhot's* mobile phone to pretend to be a contactless card with other components.'" (omission in original) (quoting J.A. 131)). RFCyber also conceded that a skilled artisan would have known that an operating system is software or a program that runs on hardware, such as a processor, consistent with Apple's theory and expert testimony. Oral Arg. at 2:30–2:38, 4:00–4:13, https://www.cafc.uscourts.gov/oral-arguments/24-1614_11062025.mp3; J.A. 2928 (RFCyber's expert, Dr. Weaver, explaining that "an operating system is a program" or "software that run[s] on hardware"). Thus,

the Board did not abuse its discretion in reading Apple's Petition as mapping the "operating system 314 (running on processor 400)" onto the "emulator device" of claim 1. *See Corephotonics, Ltd. v. Apple Inc.*, 84 F.4th 990, 1002–03 (Fed. Cir. 2023) ("We review the Board's assessments of what has been argued to and put before it in an IPR for abuse of discretion.").

Even reviewed de novo as a question of legal error, Apple's mapping of "operating system 314 (running on processor 400)" as the "emulator device" of claim 1 was apparent from Apple's Petition and expert testimony. *See Corephotonics*, 84 F.4th at 1008 ("Whether a ground the Board relied on is 'new' . . . is a question of law we review de novo." (citation modified)). As explained above, the Board's Final Written Decision did not depart "from the evidence and theories presented by the petition." *See Arthrex Inc. v. Smith & Nephew, Inc.*, 935 F.3d 1319, 1328 (Fed. Cir. 2019). Instead, as in *Arthrex*, "the Board properly relied on the same references, the same disclosures, and the same obviousness theories advanced by the petition and debated by the parties." *See id.* Thus, the Board did not err by impermissibly relying on a new theory in its Final Written Decision.

We have considered RFCyber's remaining arguments, but we do not find them persuasive. For the foregoing reasons, we affirm the Board's Final Written Decision in its entirety.

**AFFIRMED**